UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>MANOUSIS BAILAKIS,<br><br>Defendant. | No. 25-cr-66 |

### UNOPPOSED MOTION TO PARTIALLY UNSEAL THE INDICTMENT, AND REQUEST FOR A STATUS CONFERENCE

We represent defendant Manousos Bailakis. On behalf of Mr. Bailakis, we respectfully request that the Court partially unseal the indictment against him. We have conferred with the government, and the government has indicated it does not oppose our unsealing request.

Once the indictment is unsealed, we respectfully request that the Court schedule a status conference at which the parties can discuss with the Court (1) Mr. Bailakis's willingness to consent to extradition, and (2) a briefing schedule for a potential motion to dismiss the indictment for lack of jurisdiction pursuant to Federal Rule of Criminal Procedure 12(b)(2). We believe such a status conference would help to ensure that this case proceeds in a productive, efficient, and orderly manner, including through a consent to extradition. We agree that such a conference could take place in person or via remote means such as Zoom.

### I.   Our Unopposed Request to Partially Unseal the Indictment

We already have a copy of the indictment, and Mr. Bailakis is presently in custody in Romania at the request of the United States. Accordingly, unsealing the indictment as to Mr. Bailakis will not prejudice the government in any way, and we believe Federal Rule of Criminal Procedure 6(e)(4) no longer applies with respect to Mr. Bailakis given his custodial status. We

have conferred with government counsel, who have advised us that the government assents to our request that the indictment be partially unsealed.

To be clear, we are seeking unsealing only as to Mr. Bailakis, such that the indictment remains under seal as to any other defendant (and for the time being redacts any other defendant's name from whatever becomes public). We do not believe the government opposes keeping the indictment sealed at this time as to any other defendant.

## II.     Our Request for a Status Conference

### A.     Mr. Bailakis's Willingness to Consent to Extradition to the United States

Mr. Bailakis is a 35-year-old Greek citizen and a permanent resident of Greece. In February 2025, Mr. Bailakis traveled to Romania for a business trip. Unbeknownst to Mr. Bailakis, the United States had issued an arrest warrant against him and arranged for an Interpol "Red Notice." Shortly after arriving in Romania, Mr. Bailakis was arrested by Romanian authorities at the request of the United States. Mr. Bailakis then spent approximately half a month in a Romanian jail, where he was locked in a windowless, underground cell essentially for 24 hours per day with three other detainees. During his time in that jail, Mr. Bailakis was allowed to go outside only one time. Since mid-March 2025, Mr. Bailakis has been detained in Bucharest on 24-hour house arrest in a small apartment that his lawyer in Romania arranged for him. His conduct on house arrest has been exemplary—he has made no attempt to flee and has demonstrated that he is not a flight risk in any way.

Mr. Bailakis has indicated a willingness to consent to extradition, which we have conveyed to government counsel. Based on his traumatic experience in the Romanian jail, however, Mr. Bailakis understandably is concerned about the pre-trial conditions to which he might be subject in the United States were he to consent to extradition. Last month, we proposed to the government

the following conditions of pre-trial release pursuant to 18 U.S.C. § 3142: (1) Mr. Bailakis will forfeit his passport; (2) Mr. Bailakis will reside in the District of Columbia, Boston, or New York City pending trial[1] and will confine any travel to those locations and points in between; and (3) Mr. Bailakis will wear a GPS ankle monitor and agree to a curfew. We believe these conditions of pre-trial release would be more than sufficient to reasonably assure both the safety of the community and Mr. Bailakis's appearance at all U.S. court proceedings, thus entitling him to those conditions (or substantially similar conditions) pursuant to § 3142(a)(2) and (c).

We believe a status conference at which the parties could at least discuss with the Court the issue of pre-trial release would be productive, inasmuch as it likely would precipitate a consent to extradition.

B.   **Briefing Schedule for a Potential Motion to Dismiss**

The indictment charges Mr. Bailakis with three substantive violations of 18 U.S.C. § 666, as well as one count of conspiracy to violate § 666. The charges against Mr. Bailakis arise from supposed bribes he allegedly provided or agreed to provide to a foreign citizen employed by an international organization—the NATO Supply and Procurement Agency—that the United States does not control and that is headquartered in Luxembourg. The conduct alleged in the indictment took place entirely on foreign soil (specifically, in Europe) and involved solely foreign citizens. The indictment does not allege that any of the supposed bribes were a *quid pro quo* for the award of a contract that (1) would be paid for by the United States or any United States agency, or (2) would involve services provided to, or by, the United States or any United States agency.

---

[1] Undersigned counsel are based in Boston. Mr. Bailakis has extended family on Long Island. For these reasons, we proposed Boston and New York City, in addition to the District of Columbia, as potential cities in which Mr. Bailakis would reside pending trial.

3

Given the lack of meaningful connection between Mr. Bailakis's conduct and the United States, we believe the indictment against Mr. Bailakis likely is jurisdictionally defective, both statutorily and under the Due Process Clause, substantially for the reasons identified by the court in *United States v. Sidorenko*, 102 F. Supp. 3d 1124 (N.D. Cal. 2015) (dismissing for lack of jurisdiction an indictment charging a foreign defendant under 18 U.S.C. § 666 for conduct that took place entirely on foreign soil and did not involve a United States agency, and distinguishing *United States v. Campbell*, 798 F. Supp. 2d 293 (D.D.C. 2011)).

Because a motion to dismiss for lack of jurisdiction may be made "at any time," Fed. R. Crim. P. 12(b)(2), we believe it would be productive for the Court to discuss with the parties a potential briefing schedule for a motion to dismiss the indictment for lack of jurisdiction.[2]

Dated: May 19, 2025

Respectfully submitted,

/s/ Aaron M. Katz
Aaron M. Katz (*phv forthcoming*)
Keira G. Zirngibl (*phv forthcoming*)
Patrick J. Dolan (*phv forthcoming*)
AARON KATZ LAW LLC
399 Boylston Street, 6th Floor
Boston, MA 02116
(617) 915-6305
akatz@aaronkatzlaw.com

---

[2] Federal Rule of Criminal Procedure 12(b)(2) provides that a motion to dismiss for lack of jurisdiction "may be made at any time while the case is pending." This can include the time prior to a foreign defendant's initial appearance and arraignment. *See United States v. Bescond*, 24 F.4th 759 (2d Cir. 2021).

## CERTIFICATE OF SERVICE

I hereby certify that I emailed a copy of the foregoing motion to AUSAs Allison Gorsuch and Ryan Budhu, who I understand are lead counsel for the government in this matter.

/s/ *Aaron M. Katz*